UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY JOHNSON,

        Petitioner,

Case No. 2:14-cv-10925

HONORABLE STEPHEN J. MURPHY, III

v.

LORI GIDLEY,

        Respondent.

_____/

# OPINION AND ORDER
# DENYING PETITIONER'S HABEAS PETITION,
# DENYING A CERTIFICATE OF APPEALABILITY,
# AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

On February 28, 2014, Petitioner Jerry Johnson filed his pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF 1. Johnson challenges his conviction for being an inmate in possession of a weapon under Mich. Comp. Laws § 800.283(4). Johnson raises four claims: (1) prosecutorial misconduct; (2) the trial court improperly scored offense variable nine; (3) trial counsel provided ineffective assistance; and (4) insufficient evidence supported the conviction. Respondent argues that the claims are procedurally defaulted and meritless. For the reasons below, the Court will deny Johnson habeas corpus relief, will deny him a certificate of appealability, and will deny him leave to proceed on appeal in forma pauperis.

## BACKGROUND

Johnson was incarcerated at Cotton Correctional Facility. *People v. Johnson*, No. 308024, 2013 WL 331650, at *1 (Mich. Ct. App. Jan. 29, 2013). On January 9, 2011, a corrections officer received a tip that Johnson had a weapon. *Id.* The officer

1

informed other prison staff, who then "approached [Johnson] to perform a pat-down search and asked him to let them put him in restraints." *Id.* Johnson "refused and walked away." *Id.* After Johnson rebuffed another request to be restrained, a sergeant "grabbed [Johnson] and knocked him to the ground." *Id.* A different officer testified that, during the resulting pat-down search, he "found a shank in [Johnson]'s right coat sleeve." *Id.* At trial, Johnson "testified that he had asked to be walked, unrestrained, to the segregation unit to be searched because he knew that area was monitored" and he "denied being in possession of a weapon." *Id.* A Jackson County Circuit Court jury found Johnson guilty of being a prisoner in possession of a weapon. *Id.*

On December 22, 2011, the state trial court sentenced Johnson to three to ten years' imprisonment, to be served consecutively to his prior sentence. *Id.* Johnson filed an appeal of right in the Michigan Court of Appeals, which affirmed his conviction and sentence. *Id.* at *2–*3. The Michigan Supreme Court then denied him leave to appeal. *People v. Johnson*, 494 Mich. 883 (2013).

Johnson then filed his federal habeas petition. The Court stayed the case and held it in abeyance to allow Johnson to pursue further state court remedies. ECF 22. Then, Johnson filed a motion for relief from judgment in the state trial court. He raised the following claims: (1) counsel was ineffective in failing to object to prosecutorial misconduct; (2) counsel erred by stipulating that Johnson was lawfully imprisoned at the time of his crime; (3) insufficient evidence supported his conviction; and (4) appellate counsel was ineffective. The state trial court denied Johnson's

2

motion. ECF 32-3. The Michigan Court of Appeals subsequently denied Johnson's request for leave to appeal. ECF 32-4. The Michigan Supreme Court also denied Johnson leave to appeal. *People v. Johnson*, 500 Mich. 895 (2016). On August 7, 2017, and upon Johnson's motion, the Court reopened his federal habeas case. ECF 31. Johnson raises the following claims in his federal habeas appeal: (1) prosecutorial misconduct deprived him of his due process right to a fair trial; (2) the trial court miscalculated his sentence; and (3) he is actually innocent.

**LEGAL STANDARD**

The Court may not grant habeas relief to a state prisoner unless his claims were adjudicated on the merits and the state court adjudication was "contrary to" or resulted in an "unreasonable application of" clearly established Supreme Court law. 28 U.S.C. § 2254(d)(1).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent." *Mitchell v. Esparza*, 540 U.S. 12, 15–16 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)).

The state court unreasonably applies Supreme Court precedent not when its application of precedent is merely "incorrect or erroneous" but when its application of precedent is "objectively unreasonable." *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003) (internal citations omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on

3

the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 654 (2004)).

A federal court reviews only whether a state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Greene v. Fisher*, 565 U.S. 34, 38 (2011). A state court need not cite to or be aware of Supreme Court cases, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). Decisions by lower federal courts "may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)).

Finally, a federal habeas court presumes the correctness of state court factual determinations. *See* 28 U.S.C. § 2254(e)(1). A petitioner may successfully rebut the presumption only by clear and convincing evidence. *Id.*

## DISCUSSION

I. <u>Prosecutorial Misconduct Claim</u>

Johnson alleges that he was denied his right to a fair trial by the prosecutor's misconduct. Specifically, he claims that the prosecutor improperly asked him to comment on the credibility of prosecution witnesses. Johnson also claims that the prosecutor improperly referenced facts not in evidence in closing argument and that the facts constituted improper other-acts evidence.

Respondent argues that Johnson's prosecutorial misconduct claims are procedurally defaulted. Procedural default is not a jurisdictional bar to review of a

habeas petition on the merits. *Trest v. Cain*, 522 U.S. 87, 89 (1997). "[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). The Court finds it is more efficient to proceed to the merits of these claims.

A prosecutor's improper comments violate a criminal defendant's constitutional rights if they "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). Prosecutorial misconduct entails much more than conduct that is "undesirable or even universally condemned." *Id.* To constitute a due process violation, the conduct must have been "so egregious so as to render the entire trial fundamentally unfair." *Byrd v. Collins*, 209 F.3d 486, 529 (6th Cir. 2000) (citations omitted).

First, Johnson argues that the prosecutor improperly invited him to comment on the credibility of prosecution witnesses. During cross examination, the following exchange occurred.

> Prosecutor: [I]t's your position that these officers have perjured themselves and – and – and basically they planted the shank on you?
>
> Johnson: The weapon – I don't know where the weapon came from.
>
> . . .
>
> Prosecutor: And even though you've never had any problems with these officers . . . they have come to court and testified, you're saying that basically they're making all this stuff up to try

5

>                  to get back at you because you claim you filed these
>                  grievances against other guards, not them?
>
> Johnson:         I filed them against their co-workers.

ECF 17-6, PgID 408.

The Michigan Court of Appeals agreed that the prosecutor erred by asking Johnson "to comment on the credibility of prosecution witnesses." *Johnson*, 2013 WL 331650, at *1 (quoting *People v. Buckley*, 424 Mich. 1, 17 (1985)). But the court of appeals nevertheless denied Johnson relief because it found the error was harmless. It noted

> [b]y the close of the trial, the jury was well aware that it was [Johnson]'s theory that the officers who approached him might have set him up in order to retaliate against him for filing grievances against fellow officers. Accordingly, the jury was already aware that defendant felt that the officers were not testifying accurately. Moreover, after reviewing the transcript, we conclude that [Johnson] mitigated the harm caused by the improper questioning by handling the questions fairly well. Given the evidence against defendant and the minimal prejudice caused by the questioning, we conclude that this error does not warrant relief.

*Id.* at *2.

The state court's decision is not an unreasonable application of or contrary to Supreme Court precedent. Generally, it is improper for a prosecutor to ask a witness to comment on the credibility of witnesses because credibility determinations are the province of juries. *See United States v. Dickens*, 438 F. App'x 364, 372 (6th Cir. 2011). But relief is available only if the questions "were so flagrant as to render the entire trial fundamentally unfair." *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003).

To determine whether a prosecutor's conduct is flagrant, the Court considers: "(1) the likelihood that the remarks would mislead the jury or prejudice the accused,

(2) whether the remarks were isolated or extensive, (3) whether the remarks were deliberately or accidentally presented to the jury, and (4) whether other evidence against the defendant was substantial." *Id.* at 512–13.

The prosecutor's conduct did not deprive Johnson of a fundamentally fair trial. Johnson handled the questions in a manner that was not detrimental to his case, the jury was well aware of the conflicting testimony between Johnson and the prosecution witnesses, and the trial court instructed the jury that it was the jury's responsibility to assess and determine the credibility of witnesses. Because the prosecutor's conduct was not flagrant, habeas relief is not warranted.

Second, Johnson also claims that the prosecutor argued facts not in evidence when he stated in closing argument that Johnson was "a level 4, a security setting, it's a high level. He causes problem, he caused one on January the 9th." *Johnson*, 2013 WL 331650, at *2. The Michigan Court of Appeals determined that the argument was not improper because (1) evidence was admitted at trial regarding Johnson's security classification, and (2) the prosecutor's arguments about Johnson causing problems was a reasonable inference from the testimony presented. *Id.* The record supports the decision of the Michigan Court of Appeals, and it was not contrary to or an unreasonable application of Supreme Court precedent. Habeas relief on this point is not justified.

Finally, Johnson complains of the prosecutor's alleged violation of Michigan Rule of Evidence 404(b) regarding other-acts evidence during closing arguments. The state court held that Rule 404(b) was inapplicable to closing arguments. *Id.* Federal

courts are bound by a state court's interpretation of state law. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)). The prosecutor's comments were therefore not misconduct and do not provide a basis for habeas relief.

II. <u>Sentencing Claim</u>

Johnson next challenges the scoring of offense variable nine. The claim is not cognizable on federal habeas review because it does not implicate any federal rights. *See Bradshaw*, 546 U.S. at 76 ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."); *see also Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines . . . is a matter of state concern only."). Habeas relief for Johnson's sentencing claim is inappropriate.

III. <u>Actual Innocence Claim</u>

Finally, to the extent Johnson claims actual innocence based on his own affidavit asserting his innocence, habeas relief is not warranted. Claims of actual innocence "have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993). "[F]ederal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution—not to correct errors of fact." *Id.* (citing *Moore v. Dempsey*, 261 U.S. 86, 87–88 (1923)).

The Supreme Court has not decided whether a habeas petitioner may bring a freestanding claim of actual innocence. The Sixth Circuit has held, however, that a free-standing claim of actual innocence does not warrant federal habeas relief. *See Bowman v. Haas*, No. 15–1485, 2016 WL 612019, at *5 (6th Cir. Feb. 10, 2016) (citing *Hodgson v. Warren*, 622 F.3d 591, 601 (6th Cir. 2010)); *see also Muntaser v. Bradshaw*, 429 F. App'x 515, 521 (6th Cir. 2011) ("[A]n actual innocence claim operates only to excuse a procedural default so that a petitioner may bring an independent constitutional challenge."). Johnson's actual-innocence claim is therefore not a viable ground for habeas relief.

IV. <u>Certificate of Appealability and In Forma Pauperis Status on Appeal</u>

To appeal the Court's decision, Johnson must obtain a certificate of appealability. To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate the denial of a constitutional right, Johnson must show that reasonable jurists could debate whether the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

Here, jurists of reason would not debate the Court's denial of Johnson's claims. The Court therefore denies him a certificate of appealability.

Moreover, the Court will deny Johnson permission to appeal in forma pauperis because an appeal of this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Petitioner's habeas petition is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that permission to appeal in forma pauperis is **DENIED**.

**SO ORDERED**.

                                        s/ Stephen J. Murphy, III
                                        STEPHEN J. MURPHY, III
                                        United States District Judge

Dated: May 20, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 20, 2019, by electronic and/or ordinary mail.

                                        s/ David P. Parker
                                        Case Manager